If counsel who are going to argue could approach the microphone, please. Tell us who we are and who you represent. Good morning. My name is Jason Hirsch and I represent the beauty college. Good morning, your honors. My name is Rita Powers and I represent the athlete. Okay, we've scheduled you for 15 minutes a piece, a half hour. If we bother you with too many questions, we may give you more time. Save some time for a rebuttal. And just one little point of business, make sure that you speak into the microphone because that's what is used for recording that amplification. Keep your voices up. Thank you. Thank you, your honors. May it please the court, my name is Jason Hirsch and I represent 1250 North Dearborn Condominium Association. We're here today because the circuit court of Cook County granted ultimate relief on an emergency basis without any opportunity for an evidentiary hearing and without resolving fact issues. Compounding these errors, we are here because the circuit court adopted a flawed interpretation of a certain declaration of covenants, restrictions, and easements, the declaration, that assumed terms and conditions that weren't in the declaration, created conflict amongst terms, results in absurd consequences, nullifies certain terms, and ultimately is contrary to the intent of the declaration. This case is here on de novo review. We believe that the record shows that the court made a series of reversible errors that justified vacating the appealed orders and reversing, and excuse me, reversing and remanding for further proceedings. What is the current status? What we know is that you were ordered to turn over a clean sample certificate. Assume it closed, the deal closed? We don't know that. We were pursuant to the emergency motion for further relief required to provide an estoppel certificate that said no monies were owed pursuant to article 5 of the declaration. We provided that estoppel certificate as we were ordered by the court, and we do not know what happened. But there was no stay that was entered by the court? No request for a stay? There was no request for a stay at that time. The order was initially stayed during the motion to reconsider period of time, but after that, I don't believe any stay was requested. So as a practical matter, what relief can we provide to your client? Well, there was still a contract. We're still entitled to have a claim for reimbursement. So if this matter were remanded because there was a contractual relationship between the plaintiff and defendant, the plaintiff should still be responsible for those reimbursements or those expenditures. You can file a contract action. The court ruled that we can't. The court declared that our right to reimbursement had been entirely extinguished, and that was the nature of the ultimate relief, which was providing estoppel certificate that says no monies are owed. Your position is the court never should have gotten into the issue of whether money was owed or not? The merits. So the court is just standing away from the merits? Our position is two-pronged. One, the procedural process, of course, was wrong. There was no entitlement to an emergency declaratory judgment under the Declaratory Act. And, of course, the Act does provide for an early hearing, but an early hearing doesn't mean an emergency hearing. Right. But if a court, well, just on that issue, if they had an emergency, I mean, the declaratory judgment allows for an early hearing. And I don't see why that was an abuse of discretion for the court to do that. I mean, what can we rely on to say the judge abused her discretion? Judge, Justice, we cited the Ocampo case, which we believe says even if a party comes under the Declaratory Judgment Act, because the Declaratory Judgment Act is a procedural device, it doesn't allow a party to escape the typical requirements that would be required for an emergency hearing. And we believe an emergency hearing typically requires proof of irreparable harm. And here the plaintiff never made any effort to prove irreparable harm. It simply concluded our sale may not close if we don't get what we want. Well, that's what they call irreparable harm. That's what they call irreparable harm, but they never put in proof. And, of course, a lawyer can say whatever he wants, but there needs to be actual evidence to support a claim. Secondly, even if the circuit court did get to the merits, its ruling was incorrect. It's not that the court necessarily should not have looked at the merits as to whether the plaintiff was responsible to reimburse the defendant for these expenditures. It's that the court interpreted the Declaration in such a fashion and set up such a framework that the defendant is almost invariably barred in every instance from reimbursement when the Declaration has set up a framework that says, defendant, you need to do these services. You need to pay for them, and you have three years to pursue a claim for reimbursement. Section 5.2 of the Declaration says defendant shall provide these services. Defendant doesn't have any discretion with that issue. With regard to that matter, it says that you have to provide roof maintenance, facade maintenance, plumbing, hot water, gas, so on and so forth. But once the defendant provides those services under the circuit court's ruling, the time to request reimbursement has passed and the defendant is no longer entitled to reimbursement because, of course, the court decided that 5.4 had a condition precedent contained or cooked within it that said if the defendant doesn't seek an allocation at the time of the expenditure, it is permanently barred from seeking reimbursement. That condition precedent. What about Excelsior's argument that this is a new argument for you on appeal that wasn't advanced in the trial court? Your Honor, that is not true. We did argue this issue at record time 320 in the record, and also at 30 and 75 at oral argument. We addressed these issues. And in the oral argument, following the motion to reconsider, the circuit court recognized that the procedure here was not necessarily fair for the defendant. And for that reason, reopened the arguments and allowed the defendant to pursue and advance additional arguments that under the emergency circumstances, the court felt that maybe the defendant did not have a fair opportunity to present. Well, let me ask you. I'm just curious. This kind of minimum association is collecting assessments from all the unit owners, and I assume an assessment from the garage owner, right? Are you getting an assessment from the garage owner? It's not in the record. Okay. So the association refrains from even asking for any of this money for years. And then when the garage owner says we have a buyer for the property and we need an establishment certificate, the association says, oh, by the way, you owe us $113,000. How does that happen? Justice, the record says $120,000. The plaintiff's statement that all the reimbursements that the defendant sought were from years ago is just out and out false. The spreadsheet attached to the demand that defendants and plaintiffs included charges as recent as September 8, 2013. Well, I know they spanned a period of time, but some of them went back to 2010. Is there anything in the record that shows why the association wouldn't say a word to the garage owner about all this money? Judge, there's nothing in the record, unfortunately, because there was no evidentiary hearing. Had there been an opportunity to take discovery, some level of discovery, maybe these issues would have been, you know, risen to the surface. Maybe other issues would have risen to the surface, like the plaintiff actually knew that facade work was occurring because there was scaffolding on the building and that it was getting a free service, but was now claiming that it's not responsible to pay the defendant for that service. But you're the association. I am the association. Yeah, so you would have sent something to the other side. So you had that evidence. You didn't need discovery. If there was such a document in existence, you didn't need to wait. You didn't need anything. You could have produced it right then and there and said, hey, Judge, we've been sending bills all along. Whether we sent the – respectfully, whether bills were sent all along, I don't think is the issue here. We sent the demand for payment, and it was within the three-year window. Well, if you sent a demand for payment within the three-year window, you could have produced that. That was attached to the complaint. But my understanding is it goes back more than – there's a three-year statute. There's a three-year statute of limitations cooked into the declaration, yes. So about $70,000 was outside that period of time. None of the fees, none of the reimbursements were outside that window. The association specifically only demanded payment for expenditures within the window. Which is how much? Which was $113,084.26. And a number of those expenditures were from September, July, May, April, and March of 2013. So they were immediately before – excuse me, immediately after or at the time of the expenditure. So what is the consequence for the association's failure to abide by the provision of Exhibit 5.4 that says at the time of the expenditure, the association will seek the mutual agreement with the garage owner to the allocation of expenses? Justice, first, Exhibit 5.4 does not say the association will seek a mutual allocation. It says the parties shall have a mutual allocation by mutual agreement. But the association is paying all the bills. The association grants it. You're the party that's motivated to seek the allocation. Yes. The consequence is it's not a condition precedent. How could it be a condition precedent if the matter is entirely in the hands of the plaintiff? If mutual agreement is cooked into the condition precedent, so that if just for the purposes of argument, the association is required to seek the allocation, but the condition is only met by the mutual agreement of the parties, then in all instances, the plaintiff holds all the cards. If the plaintiff simply says, we don't agree with your allocation. Does that excuse the association from at least saying, we propose an 80-20 allocation. We'll pay 80 percent, you pay 20 percent. Does that excuse compliance with the exhibit? Justice, there was compliance. The association sent a demand. It sent a demand for reimbursements for services to which the declaration makes completely clear that the plaintiff is not entitled to have. The mail was sent September, I believe September 13th, excuse me, September 26th, 2013. But for services years earlier. In some instances, the services were years earlier. Exhibit 4 says, at the time of the expenditure. So the association has been spending this money for years, never said to the garage owner, we propose an allocation of X percent and Y percent. I don't understand what that exhibit means. It's troubling that at the time of expenditure seems to be a time of performance statement, but it's not defined. And the circuit court, of course, did not define that. And the plaintiffs in their brief said, well, if the association is concerned about time of performance, the Illinois law just imposes a reasonable period of time to perform the act. But the reasonable period of time under this court's precedent is a fact question based on the facts and circumstances of a particular case. And so here where the circuit court didn't look at the particular expenditures that we sought reimbursement for and simply said, all of your reimbursement requests are denied. You are not entitled to reimbursement for any of these without any determination as to what the time of performance was, let alone a reasonable time for performance, is an error. So it sounds like you're saying that your client has to have a way to litigate or arbitrate their claims. Otherwise, you're the one who gets stuck with the irreparable harm. Yes, Justice. That is the argument. Because of the procedure that the trial court went through without an evidentiary hearing. Correct. So the declaration itself sets up just such a framework that the defendant has to provide these services. It has then three years to seek reimbursement. The trial court's ruling says, if you don't give immediate notice, and we're not sure really what immediate is, but if you don't give notice and seek consent of a expenditure that's incurred, you're barred. So as soon as the defendant complies with Section 5.2 and closes the expenditure, it's barred from seeking a claim. It renders the whole notion of a three-year statute of limitation completely meaningless because now the defendant has no claim, can't seek reimbursement. Why shouldn't forfeiture apply in a situation where you don't ask for a stay for the performance of the, you know, giving them the claim to stop? Because this is an ongoing issue. This was a declaratory judgment. There's an actual controversy. And even if they stop a certificate and the court reverses the order, we can still pursue a claim for money damages. If we? If we. And I know I'm being presumptuous. You have to get it from us. I have to get it from you. There's a big step. It's a hurdle. It depends. It's three people to mess with. It's not my typical day in court. Right. But if the court reverses the circuit court, then the order that says we are not entitled to reimbursement does not exist. And we can seek reimbursement. And the plaintiff isn't entitled to have its services for free. But again, going back to my first question, you're not trying to undo the sale, assuming it went forward. It's a done deal. All you want is the opportunity to be able to litigate whether the association is entitled to reimbursement. That's correct, Justice. We believe that we have a three-year window to deal with these reimbursements. And we shouldn't be inhibited by a ruling that says no monies are owed. I can assume that I can depart with the facts here. I was going to get into the facts. Thank you. So the first argument that we addressed in our briefs was that the Declaratory Judgment Act doesn't actually provide for an emergency hearing. It provides for an early hearing. And in this instance, we believe that where an emergency hearing is sought, some irreparable harm needs to be sought or proven. On this argument, I just want to point it out, but I want to stand on our briefs on this argument unless there's additional questions that the panel has. But turning to some of the factual issues given the shotgun proceeding, the court never looked at the characterization of the particular services. And one issue with Exhibit 5.4 is it says that there's an allocation with regard to services that benefit both parties. But if the services only benefit one party, the court says that that party pays for the whole service. So there's no reason for an allocation. But in the court's ruling, the court looked at the situation and just, it appears, assumed that all the services benefited both parties, and therefore Exhibit 5.4 applied. Now, of course, we don't believe Exhibit 5.4 applies anyways, but that was an error because that's a factual question, and that's just yet another reason an evidentiary hearing would have been appropriate. If it's a factual question, though, doesn't that then, or a factual determination, does that change our standard of review? No, because ultimately the court's ruling was on the law. What the court did was ignore a factual question. And so the court never actually evaluated the facts. It just simply never addressed the issue. But if it's a, then it sounds like you're saying it's a mixed question of law and fact. I don't want to go all standard of review nerd on you, but that invokes yet another standard that is a possible thing, rather than the de novo, which is what you request. Right. Justice, I believe that in making the determination that there were no factual issues in granting declaratory judgment and then further relief, the court is making only factual, excuse me, legal determinations. But you're saying the court was only allowed to do that because it ignored a factual issue. That is correct. Okay. Ultimately, the court's determination of the, or interpretation of the declaration was flawed. The court premised its ruling on notice and consent. The court said that the declaration required notice to the plaintiff as to an expenditure and consent of the plaintiff with regard to any expenditure. There is no notice or consent requirement in the declaration. Nowhere in Section 5.2, 5.4, Exhibit 5.4, or anywhere else with regard to the expenditures incurred under Article V is there any notice or consent requirement. Furthermore, Section 5.2, Section 5.4, and Exhibit 5.4 speak of services rendered. It's in the past tense. And that gets back to what we were discussing a little bit earlier, that the defendant is required to provide these services and does provide these services. But if it does that, if it complies with the declaration, lest it expose itself to liability, it then, under the court's interpretation, which is notice at the time of expenditure, the defendant has no claim for reimbursement at any point going forward, even though there's a three-year statute of limitation. Exhibit 5.4 also does not apply if the service only benefits one party. Exhibit 5.4 specifically says that if one party is the benefitting party of the service, then there's no allocation necessary. That party has to pay the entire amount. There's no condition precedent in Exhibit 5.4. The circuit court assumed a condition precedent. The law in this district is that a court is not to assume terms and conditions. It's also not supposed to assume a condition precedent, which would result in a forfeiture. And that's exactly what happened here. The court assumed that a condition precedent existed. And as a result, the defendant was barred entirely from having any right to reimbursement. Of course, this ends up in an absurd consequence, which, and I hate to repeat myself, but if Section 5.2 says that you have to provide these services association, the absurd consequence is as soon as it does it, it's now barred from any reimbursement. And that's not what the declaration intended. The declaration intended that the plaintiff would pay its own freight. It would pay for the services it was receiving. Also, there's another absurd consequence, which is if Exhibit 5.4 is a condition precedent, it is in part contingent on the mutual agreement of the plaintiff. And so all the plaintiff has to do is simply say, I won't agree to your allocation. At that point, the defendant is completely barred from seeking reimbursement. I thought there was a procedure in place that can be followed after that. No. There's no procedures? If we read the exhibit the way the plaintiff is claiming, the way the circuit court seemed to interpret it, the association has to seek a division with the plaintiff and obtain a mutual agreement. And if they can't? If they can't, there's no claim. There's not a? There's no provision. That's why it's not a condition precedent. It doesn't say, like the cases that we said in A.A. Conte, where there was a condition precedent that said a subcontractor would only be paid if the general contractor was paid, or Cal-NAM v. CalSMA that said that there would be no payment if you don't provide lien waivers, or Kilnac v. Kim where there was payment only when a final architectural certificate was obtained. There is nothing in Exhibit 5.4 that says if you don't seek a division immediately or if you aren't able to obtain a mutual agreement, you are not entitled to payment. Well, what about Section 10.1 that says if anybody fails to pay after demand, the association gets a lien? But that doesn't? So after demand, I appreciate that. That relates to a demand for payment. We demand A.O. Well, yes, it would really be that you would. No, but if the court's interpretation, if the circuit court's interpretation, if Plaintiff's interpretation is that the claim is barred at that point, then 10.1 doesn't square with that. I hear you. But 10.1 speaks of a demand after, at some point, that the parties talked about the issue, right? So yes, there's going to be a demand for payment. And yes, we have a right to a lien. But if we now have no right to payment because, as the circuit court ruled, it's a condition precedent, it doesn't matter because we have no right to seek reimbursement. In the end, the declaration was not intended to provide free services to the plaintiff. The defendant here asked for payment, asked for payment within a reasonable period of time. And the plaintiff has said, we're not paying you. And we're entitled to an estoppel certificate that is simply clean, that says no monies are owed when monies were actually owed. I thank you for the time today. And I'd like to reserve three minutes for rebuttal, if that's possible. Not a problem. Thank you. Thank you.  Good morning, Justices. May it please the Court. We are here to defend the – I'm sorry, a little higher. Thank you for saying that. Because otherwise, everybody in the courtroom is not going to be able to hear you. Okay. Well, we want them to hear. Okay. This is not a case about free services. This is a case about at the time that someone's about to sell their property, an REA party through a declaration performs a stick-up and says, well, I know you need this estoppel to close, but I'm not going to give it because I think you owe me a hundred and some thousand dollars for expenses that I never told you about before that's admitted on the verified pleadings that they never told us about before, both through the exhibits and through the paragraph 22 admission, judicial admission, through the verified pleadings that they never told us about before. And because I know you're about to sell your property, we're going to come up and say, oh, you owe us $115,000. And if you want your estoppel bad enough, you're going to pay it. What about the three-year statute of limitations? It seems like – I follow what you're saying. It seems like that argument, though, would render the three-year statute of limitations, just throw it out the window. Absolutely not, Your Honor. We believe there's a perfectly easy way to read together all the provisions of this declaration. We think that the Court ably did that. I think there's a natural progression here. If you'll give me just a moment to explain how we think you read all of these provisions together because we think that that's the important way to interpret a contract under the case law support set, is if you start – think of what this document is. This document is a declaration between the condo owner and the parking garage, right? They both share sort of a little bit of common facade and a little bit of elevator space, and otherwise the condos sit on top of the parking garage. So there's a little tie-over. And so you have this declaration, it's a reciprocal easement agreement, and it's got a few maintenance obligations in it. Primarily, the parties are in charge of taking care of their own areas, and you find that in Section 9.1. And then 9.1 says, except in a couple instances, and then it points to 5.1 and 5.2. 5.1 is intentionally left blank, but 5.2 is the provision that says, listen, some of these things, you know, the things that you would expect, the roof, some fire retardant, some – not all, but some of the elevators, some of these things, you know, the parking garage is the small piece and the building is the big piece. The building owner is going to take care of when necessary and when required is the exact language. And then if they do that and they do something that they claim also benefits the parking garage, then under 5.4 they can seek some reimbursement of payment. Well, 5.4, of course, points you to Exhibit 5.4. And Exhibit 5.4 says that if they, the condo association, performs any of these listed services and they think that they're both when and if required, that there was necessary, and they have a bill to present, that they should do it at the time. Now, why does that make sense? Because at the time parties can look and say, hey, wait, no, wait a minute, those floors, we don't need that, or that facade work didn't benefit us. You know, you can look at it contemporaneously and make a decision as to whether, you know, it should be 70-30 or 110-0, sorry, 110-0, you make that decision contemporaneously. So there's a contemporaneous statute of limitations? No, no, no. There's a process, I'm sorry, there's a process just for determining, is this something that the parking owner needs to pay for on the claim of the building owner that it's for everyone, for both of their benefit. And then if there is a dispute about that, then you move into, and the declaration is complete with the remedies available. Then you move into Section 5.1, which says that there's a lien, which has been referenced. There's a, I'm sorry, not 5.1, 10.1, and if you look at Section 5.6, it says that if the creditor owner, the person that's been paying for something, is in a dispute with the defaulting owner, which says, hey, I don't have to pay for that, then there's a good faith, you can pay under protest, or you can go in on a deck action. It sets up a procedure for that, so that's another remedy. And then there's a provision in 10.9 that says, but if you're going to have a dispute about one of these expenses, or about anything, really, under the declaration, if it's under $50,000, 10.9 is not just limited to these disputes. It's broader than that in its application. Under 10.9, you have three years to bring a real claim, to go file a lawsuit. So I think the declaration is very clear in the procedure, and frankly, it's not, I don't think, too unusual the way it's set up when you think of reciprocal easement agreements, where one owner might be performing some services that arguably benefit both sides. So where's the provision, though? I understand how the garage owner says these all fit together, and there should be some process that's engaged in before there's a claim, and before the three-year statute kicks in. But where is the provision in Exhibit 5.4 that says, if the association fails to seek mutual agreement regarding the allocation of expenses, that's forfeited? The provision says, the language in the provision that creates that operational effect, is that the provision says that payment for services rendered pursuant to that article shall, mandatorily, shall be divided at the time. And when, at the time of service. What I'm asking is, I understand it says, shall be divided at the time. But there's no other provision that says, but if they're not, the association forfeits any claim to payment. Right, so, but the way mandatory language tied with a temporal element, such as the shall and at the time has been interpreted, both by this court, well, this court numerous times, and others, is that that creates a condition precedent for whatever the obligation is. And that's clear even on the Kalanick case itself that was cited. Now, we have an argument, of course, that the condition, and I know the reference was made to provisions in the underlying record. We don't think it was raised below, and we think that the argument on condition proceeding is waived. But, if not, even the Kalanick case that is cited by the Condo Association, has very, at their brief at page 22, has very similar language. It required, you know, something shall, the exact same word, be done within a certain time frame. And when it's not done within that time frame, then the benefit is gone. You can't pursue. So, otherwise, Exhibit 5.4 is meaningless. So, what would be the remedy if they didn't? That's the whole point. If they didn't, it would seem to me the remedy for the garage owner is to say, the expense that you incurred was not reasonable, or the allocation you're now proposing is not reasonable. And you have defenses to that. But I have a hard time saying that the failure to comply with that translates into free services for the garage owner. Well, it's not a matter of free services. It's a matter of giving credence to all the provisions and the methodology that was set up between these parties and agreed to by them as to how they would handle expenses. And they agreed, and you have to read all the provisions together, they agreed to a scenario in which if an item of expense was incurred, and remember, 5.2, it's been said over and over that, you know, that there's no opportunity for the building owner to have any option. They just have to do all these things. And there's this laundry list of items. But the preamble to that provision says that the owner of the residential property shall furnish or cause to be furnished those services to the owner when and if required. There's a question up front about any time someone undertakes a service, whether it's really required. And this can all be done without an evidentiary hearing. This was done without an evidentiary hearing because the trial court found, and we agree, that the language of this contract is unambiguous. And what we had here were verified pleadings. We had completely verified pleadings. And all of the documents that were germane were admitted through the answer, as well as, of course, the declaration was attested to. And the party had, in this case, that the contract is being imposed against, and the residential owner had admitted that they had not provided any indication of these services, quote, at the time. And so, yes, it was a very clear question of law. This is a one-count, very narrowly drawn declaratory judgment action aimed at one provision. Let's follow up on that. Yes. Very narrowly drawn, I agree. Filed on October 4th. On October 8th, an estoppel certificate is provided. Correct? Estoppel certificate, not the one you want. Yes, I'm sorry. Correct. That is correct. I don't understand why we're here. This case, isn't it moot? Because what you were asking for was an estoppel certificate. You had a dispute. There was no estoppel certificate. You needed an estoppel certificate. If you can convince me, where in Article 18 is there anything about a claim or anywhere? Just tell me. Anywhere in any of the documents, in any of the records, any place has the word clean estoppel certificate. Where can you demand a clean estoppel certificate? Well, the party selling here, in this case the garage owner, has a right to a, I understand what you're saying, an estoppel certificate pursuant to Section 18.1 that's truthful. That's true. Right. That's it. It wasn't truthful. What? It wasn't truthful. No, that's not, that's a different issue. You got exactly what you were entitled to. If it's not truthful, there are other remedies and other things. The fact is, all you really had to do, it's supposed to be truthful, obviously, but that was not your case. You did not bring a declaratory about the untruthfulness. You brought a declaratory in order to get that certificate. You received that certificate, and the certificate, in effect, follows the language exactly as you had requested, except for the fact that they say you owe some money. What's the purpose of an estoppel certificate? The purpose of an estoppel certificate is to give comfort to whoever's buying that they're not walking into any disputes. Right. So they either know they're walking into this dispute. That's it. Why does this case, what was the judge to do? There was nothing for her to do. It was over. You got exactly what you asked for. You don't ask for a clean certificate because there's no provision for a clean certificate. So I don't understand why there was even anything involved here other than to dismiss the case once they gave the certificate. All of the cases that we have relied on for use of this declaratory judgment action have similar sort of situations where the other party is trying to do something that the party bringing the declaratory judgment action thinks is wrong, and that's what happened here. For example, when we're talking about one of the examples, it's a Kozol case. So the person has taken out a building permit, right, and the city has issued the building permit. But then the city comes in and says, oh, you built your foundation too high, and so I'm going to do a stop order. Okay? So the party comes in and says to the court, I want a declaratory judgment against the village of Rosemont. It says, wait, you can't do that. You already gave me a permit. This is contrary to what your permit says, and you can't stop my construction. It's not even close. This has to do with an established certificate. There are specific provisions. I mean, if you can convince me how they did not comply with the established certificate. In fact, it was signed by the title company, right? But the certificate is a six-year commercial property by the name, trustee, and then by the board. By the board, right. Because they're an association. So they gave you exactly what you asked for, except you don't like the fact that they say there's some difference of opinion about what may or may not be owed. Where in the agreement does it say if – how does that turn into a declaratory? Because when you have your certificate, you can close the building, and you did close. Did you close? I did close, yes. So you closed because you got a different certificate, but it would have closed with that certificate. No, it wouldn't have closed with that certificate. It wouldn't have closed with that certificate because a certificate calling out that dispute was drawn out by the title company in the commitment as an exception, and it wasn't a permitted exception. Then that's your problem. It's not their problem. Then that's not a declaratory judgment. Well, you're asking for – it seems to me that you're asking the court to do something that is not right. They gave you what you did, and now what? Now why should the court decide that? It isn't an issue yet. Maybe you will close. Maybe you won't close. Well, the issue is that without the clean estoppel certificate, without the proper and truthful estoppel certificate, the closing couldn't occur. Proper and truthful is inherently a fact question. Well, it's not here because it was a matter of law. The question was, what did they draw out in this estoppel certificate? They drew out in their estoppel certificate that they had a different read of the declaration that we did. They thought that they were entitled to certain payments, right? So they thought there was a default or an issue. There was money owed. There was a lien. They could have a lien. All the things we talked about under 5.2, 5.4, 5.6, 10.1. So what they're saying is that they have a claim against the seller of the gauge that is not a valid claim. See, you knew about this claim in September, right? It was just represented that there was a demand made for $113,000 in September. And then you had a dispute about this was going on and you couldn't agree. And they refused to provide the certificate you wanted. And so then you filed a lawsuit. And then they capitulated and gave you the certificate. Case over. You got exactly what you were asking for, which was the certificate. As far as you're not disagreeing on whether money is owed or not, the Article 18 says that's fine. I mean, as long as they tell you that's a different case, that's a different issue. But what we went to the trial court here and said was they are saying that monies are due that are not due. And we want this court to declare. That's not a declared claim. What is declared what? Declared the meaning of the lien. Declared that they did not put these expenses in and that they weren't entitled to reimbursement. They were claiming through their estoppel certificate that at the baseline they were completing. You don't have to. It seems to me that that's not the purpose of an estoppel letter. It can. It says right there in 18 that if there's a dispute, they should put it in there. Now, you disagree whether there's a dispute. But your declaratory judgment is very narrow. Your declaratory judgment asks for an estoppel. Or it's an estoppel certificate. No, we asked for a clean estoppel certificate. We asked for an estoppel certificate that did not indicate that this was a valid dispute because it was not a valid dispute. At the time you filed it, you had no estoppel certificate at all. October 4th. Right? So you were, again, when you were doing this, you were anticipating that you had a dispute. And you were trying to get something that the agreement does not provide for. When does an agreement provide that if there's a dispute on money, that it has to be resolved before the estoppel certificate? Before we walked into the court, what we had was correspondence where we had asked for the estoppel. They had gone past their 10 days and not provided the estoppel. And they had said in correspondence to us, we're not going to give you the clean estoppel because we have issues. We think you owe us this money. And that's all in the exhibits to complaint that are admitted. And on that, we had a controversy. They said monies were owed under the declaration. And consequently, they were not going to give us the clean estoppel. We said monies were not owed under the declaration. And we thought that we, because we had never seen these before, and 5.4 said you can't come up and do this at the last minute. And so we went to the court and said, we have a controversy. They say money is owed. We say money is not owed. And they're not going to give us the estoppel certificate. Why is that a declaration of non-liability for past conduct, which is what the Declaratory Judgment Act is expressly designed not to address? It's not about, those cases that talk about past conduct are like there's already been a breach of the lease or there's been some sort of like tort and we want to come in and instead of bringing the breach of contract action, we want to bring, you know, a declaratory judgment action. What we came into the court to say was that we had a different, and this is, I think, a quintessential declaratory judgment use is to say we have a different interpretation of the contract than they do. It's a simple question. But where, you have to have an injury. Where was your injury? Our injury was that they were not going to, what they were not providing, that they were just giving money. That's not it. They gave you exactly what the agreement provides. That's not an injury. You haven't been injured because you said you haven't closed yet. They gave you exactly what they want. I don't see any tangible injury as a direct, but they gave you that certificate. You haven't been injured until later on if you didn't close. Then you may have an injury. I don't know. But the point of the declaratory judgment action is to get a ruling from the court before one has put into jeopardy a closing, before people have taken. That's not the purpose. The purpose, first of all, you have to have an injury. We had an injury in that it was not a permit. The deal couldn't close with the estoppel certificate. We don't know that. We don't know that. We don't know that. And that's a question that we don't know, do we? Well, that's a, we had a purchase and sale agreement. We had the title. There's nothing here that says it. Commitment. Right. All it said that you had was an estoppel certificate. That's what you had to provide. They had to provide it. The title commitment said that we had to provide the, an exception would be drawn on title if we did not provide. So the exception drawn on title all the time is in closings of real estate deals. Right. Why are you so different than anybody else? We're not different than anyone else. I think any, you know, I don't think that. That's why I'm talking about injury. Yeah, okay. I think that we're not any different than anyone else. And this is about, this happens where parties use, you know, estoppel needs to be given or consent or something like that, and parties say, aha, I'm going to try to get something that I might, that I haven't asked for before. You asked for it before in September, so you knew this was coming. They did not ask for it until we asked them for the estoppel certificate. When did you ask for the estoppel certificate? We asked for the estoppel certificate on the 12th of September. Right. And on the 22nd of December, they didn't provide the estoppel certificate. They sent a letter, an email that said, we think there's amounts due. And then there was some correspondence back and forth that said, well, what do you mean there are amounts due? Because 5.4 says you should have given this to us a long time ago. We don't owe you anything. And they didn't come back and say, oh, no, here's where we gave it to you a long time ago, and here's where we're compliant with the declaration. No, they just kept saying, like, we're not going to give you the estoppel certificate. We're not going to give you, we're going to claim that there's a dispute here, even though the face of the declaration showed them that they had no dispute, no legitimate dispute. My recollection of the record is that there was some façade work going on at the time, almost contemporaneously with this back and forth. So how could the trial court declare that the garage owners are not liable for any of the façade work that's ongoing? Because in paragraph 22 of the complaint, we alleged, and they agreed, and they admitted, and that's a judicial admission in a verified answer, that none of the expenses that they were requesting of this $113,000 were provided to the garage owner at the time. And so you then extrapolate from that, because there was no contemporaneous mutual agreement, the association's ability to recover any of those expenses, regardless of whether they benefited the garage owner, is forfeited. Our read of the lease, I'm sorry, of the declaration, is that there's no other meaning you can give to Section 5.4 if that's not the result. What does 5.4, Exhibit 5.4, mean if you can put in the expenses three years later? What does the at-the-time mean? How do you read that? It would mean that the association pays those expenses at its peril of being unable to recover them. Exactly. That's for the defense that you didn't ask us, the expenses are not reasonable, and therefore because they're not reasonable, we're not going to pay. And that's exactly what happened. Your client hasn't taken the position that any of these expenses were not reasonably incurred. Well, they did in the pre-litigation correspondence that was attached and admitted to the complaint, but for purposes of the declaratory judgment action, the narrow issue was that they didn't provide any of those expenses at the time, and that was admitted as a judicial admission on the record. That's the exact language in 5.4. So, yes, there were other issues as to whether those were proper to begin with, but the court didn't have to get to that because they admitted they failed 5.4. They didn't give those expenses at the time. Whether they were legitimate or not legitimate, there's a requirement here, a procedural requirement set up in the declaration. If you want to get paid, you can do them, but if you want to get paid, you have to, at the time, split them up, and then if there's a dispute about it, there's three years to get it, you know, to bring a claim and get it ironed out if you can't get it ironed out. But otherwise, there's no meaning to that language in Exhibit 5.4. What does it mean if they don't do that? That's what they were supposed to do. That is the way the declaration is set up, and it makes sense between these two owners where one might be doing something for the other that you can't come back three years later, who knows what else has been done in the building, and go back and claim something. Why should that be part of the declaratory judgment? Should that be, as of that point, whether they collect them or not is a different issue. And if they brought a case to collect it, somebody would have to defend it. But at that point, they gave you exactly what you wanted, which was required, not what you wanted, but what was required. Now, you say it's false. Well, you say it's false because you say you don't owe any of the money. But that's a defense to their action against you if there's a proper action to collect on the money. It's not – you're combining this dispute with regard to whether the money is owed or not with the estoppel certificate. What was important here was the estoppel certificate, which can provide for liens and other things, which is what happened here. I see these as two different issues. I know. And the reason I don't see them as two different issues is because what if we asked for an estoppel certificate and they wrote that, Dear Mom, have a nice summer. I'm loving camp. That wouldn't be responsive to what we asked for. That wouldn't be compliant with the section. It wouldn't be compliant because, in fact, it's 90 percent of exactly the same words as yours. The only difference is one paragraph where they put in the amounts due. Otherwise, it's exactly the form that you provided them. Right, but they weren't entitled as a matter of declaration to put that in there. That's your defense. It's your defense later on should they ask to collect the money. That's not the purpose. I guess what I'm saying is you're asking us to ignore Article 18. To ignore what? Article 18. Okay. Because that's the estoppel certificate. That's what this is all about. What it's all about is you need an estoppel certificate. Did you get one or not? If it's a clean, then I think you have a legitimate issue because they didn't give you a clean one. But when the agreement, unless you can show me somewhere in the agreement that says otherwise, if the agreement says what you need to provide is an estoppel certificate, and that's pretty much standard in many closings like this, and in many closings like this, there may be something in that paragraph regarding what might be owed, but that doesn't create a declaratory judgment yet. They may not even want to collect that money later on. I don't know. The object, as you said earlier, was to inform the party that's buying, you know, this could come up to roost later on. But in this particular circumstance, the closing from the documents that we put in, from the purchase and sale agreement and from the title commitment, this was not a permitted exception. And the buyer had every reason to terminate. He had every reason, but we don't know if they did. That's why it's premature, and the court is giving to me, potentially, an advisory opinion on what might happen with regard to this. We don't know if that's going to happen or not. But regardless of whether they were... It's $113,000, maybe it's a lot less, of a deal that's in the million, two million, three million, I don't know. It's in the millions. So it's really a small potatoes thing, and you receive the notice of what was required under the agreement. But respectfully, I would say to the justices that you cannot put in a knowingly false certificate. That has to be proof, and you didn't have any proof. It was a very short basis. They weren't allowed to put on any testimony. They weren't allowed to do any discovery. So now you're saying, well, we want to have our cake and eat it too. No, that's not where we're coming from. Shouldn't there be a hearing with evidence, then, if that's what you're saying? The only thing that they accepted on the SESTOPL certificate was whether the garage owner owed money pursuant to Section 5.2. That's the only thing they drew out. That could be resolved on the face of the declaration and on their admission that they didn't provide the information at the time. We're on the facts of this case. I mean, not every case, when you have an SESTOPL certificate where something was drawn out, would you have this ability to ask the court for a quick intervention. But here, where it was formally just a legal issue, I mean, we have a clear- Let's end this, Will. Yes, I'm sorry. I need to comment from you on this, because your brief does not address it. Do you agree that this is a de novo review? There's nothing in your brief that would argue against it. Have you forfeited that argument? Or will you just agree here at oral argument that we're looking at this de novo? Well, this court, I believe, is looking at the application of the law to the admitted facts de novo. Whether this should have been heard on an emergency basis is always up to the sound discretion of the trial court. But whether-we would agree that the actual application of the law to what we think is an unambiguous document, given the admissions in this case, through the documents and through the answer, is de novo review. Okay. All right. Thank you. I'll give you a minute or two to- I'll give us a couple minutes. I'm going to harass you a little. Just a little bit of- All right. So the purpose of a declaratory judgment action such as we brought is exactly for the type of case that we brought. It's a contract. It's a clear contract. It's a very limited issue. It can be easily resolved on the party's correspondence and the document itself. And in this case, on one admission, they answered the complaint. They verified that answer. All before the hearing took place. All before the argument took place. It's no different-and the declaratory judgment act says that when you have a single claim for a declaration, it can be heard in an expedited way as on a motion. And that's what was done here, because it was just two pleadings, the application of law to those pleadings, and the very clear contract at issue. The Illinois Supreme Court and this district as well have said over and over about the liberality of the declaratory judgment action. We have cited to various cases where that liberality is shown, because sometimes the case has come to the-the declaration has been decided after a full trial, but sometimes it's been decided after motions, and sometimes it's been decided somewhere in between. And the courts have commented on that that's exactly the types of-that's what the declaratory judgment act is for, is to address these liberal-to be liberally applied and to address a situation where you have sort of a single issue, such as a clear issue as is here of contract interpretation. So the court here was very clear and I think very articulate in terms of its holding, and it noticed exactly what I've said this morning, which is we had a unique case. We had a single count on an unambiguous contract where there were verified pleadings. We were admitting everything that needed to be admitted for the court to look at the contract, look at those pleadings and those admissions, and say, yes. This-there are no amounts owed because Section 5 or in more particular Exhibit 5.4 of the declaration was not complied with. And that's clear from the face of the document. It is consistent with the overall mechanism put in place for expenses that are incurred by one party and attempted to be placed upon another. The opinion is well reasoned and fully supported by the record that was before the trial judge and that is before the justices now. So I thank you for your time and your attention. Thank you, Counsel. For my rebuttal, I want to start with the proposition that the Association is not the bad guy here. There was no proof of it. There was no proof of the Association's intent to hold up the sale. There's none of that. What there is here is a party that wants relief despite the fact, given what Justice Hyman said, is asking for something they already got. The Association complied with the declaration. They were asked for a stop-loss certificate. Section 18.1 does not say that we have to give a quote-unquote clean certificate. It does not say that the Association has to give a stop-loss certificate that plaintiff wants. Specifically, Section 18.1 says that we can give a stop-loss certificate that says that monies are owed. And that's exactly what happened here. I believe it was, but I don't know the record site. I believe in the oral argument there was debate on the fact that we didn't have to give a clean stop-loss certificate. There was certainly additional debate that the parties could close here. And because there's a title exception, it's not really a big deal. That's commonplace. And typically, the stop-loss certificate just tells the other side, hey look, this is what we say is owed. So they don't walk into a buzz saw. So they close and then they find out there's really $5 million in reimbursements. So they got what they asked for here. Could the Association have said, you owe us a million dollars? Could the Association have just picked any figure and put it in a stop-loss certificate? No, absolutely not. It had to be based on expenditures that were made pursuant to Article V, and of which it was entitled to reimbursement, which were the services that were listed in our demand, including ongoing facade maintenance that was required by the City of Chicago that wasn't necessarily going to stop because of the demand or because of the lawsuit. I want to touch base quickly on Section 10.1. Section 10.1 only proves that there's a three-year statute of limitations because once the Association makes a demand like it did here for reimbursement, it says that the Association now has a lien. And it also has, of course, a three-year statute of limitations to foreclose on that lien. But if the circuit court's interpretation... So could the Association postpone the accrual of the contractual statute of limitations by refraining from making a demand? It seems to me that's what you're saying. Some of these expenses were incurred in 2010. The Association can refrain from demanding them until 2013 and then say we have three years to sue you for them. I don't think that's what happened here, and I don't think that that's the Association's intent. It's three years from the expenditure, and that's why the Association, when it made its demand, made a demand for reimbursement for expenditures from three years from the time that that expense was incurred. The Association by no means attempted to engineer a longer statute of limitations period here, and the dispute doesn't really involve that. The Association was very clear to attempt to comply with the three-year statute of limitations. The plaintiff argues that Shaw proves that there's condition precedent. That's not in the case law. In A. A. Conti, Tosma, and Kalanick, which the other side did not respond to in their briefs, the court made it clear there needs to be an unambiguous and clear condition precedent in the document. It needs to be that you need to do this, but if you don't, this is the consequence. And that is not in this Exhibit 5.4. It's not even, it's not inferred, it's not referenced, it doesn't exist. It's not anywhere in the declaration. Of course, the plaintiff would have a remedy if it feels that it had the right to pursue, excuse me, if the Association decided to seek reimbursement. Absent this lawsuit, the plaintiff could assert whatever defenses it wants, but we do agree that it should not be by virtue of a preemptive declaratory judgment. And ultimately, what the plaintiff wants to do and what they did was say, okay, you have a three-year statute of limitations. I filed a complaint today, and I say you didn't give me notice. And now your notice period is over. So if we had three years, if it was 2011, 12, 13, whatever the years were, the defendant walks into court and says, paragraph 22, you didn't give me notice or seek consent. Your period of time is over. Well, that's contrary to what the declaration said, and that's why it's irrelevant, that supposed admission. It's completely irrelevant because the declaration, the contract which we need to comply with, says you have three years, and plaintiff doesn't get to control when that three years ends or to engineer a shorter period of time if it so chooses. The when, and, and if, as in if statement that plaintiff made, and I think this was probably a misstatement, but it appeared that they were arguing that that statement is actually in Exhibit 5.4 or Section 5.4. That statement is not in either of those sections. That section is in Section 5.2, and 5.2 says it because defendant is required, as soon as something needs to be taken care of, as long as the service is within the ambit of 5.2, to provide that service. Finally, just to reiterate, the association gave the defendant, or the plaintiff, exactly what it wanted. It wanted to stop a certificate. It got one that complied with the declaration. They simply just didn't like it. They want to say that the association gave a false certificate, or the association is bad, that it wanted to tank their deal. But honestly, there is no evidence in the record of that. It's just make-believe right now. For all the reasons set forth in the briefs and set forth today in our argument, the association respectfully requests that the orders appealed from be reversed and that this matter be remanded back to the trial court for further proceedings. And I'd like to thank you for the time to add some color to our arguments and to consider the matters. Thank you. We thank the parties for the excellent briefs and spirited arguments today, and we will get back to you directly with an opinion. We're adjourned.